IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTOPHER SEEHAWER**,

    Plaintiff,

v.

**MCMINNVILLE WATER & LIGHT**,

    Defendant.

Case No. 3:16-cv-1682-AC

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on December 10, 2018. ECF 52. Magistrate Judge Acosta recommended that Defendant's motion for summary judgment be granted in part and denied in part. Specifically, Magistrate Judge Acosta recommended that the motion be granted with respect to Plaintiff's claims under Title VII of the Civil Rights Act and the Family Medical Leave Act ("FMLA") and denied with respect to Plaintiff's claim under the American with Disabilities Act ("ADA").

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed objections. Plaintiff argues that Magistrate Judge Acosta erred in finding that Plaintiff was not subjected to harassment "because of sex" based on sexually-charged comments or gender stereotypes, to support his Title VII discrimination claim. Plaintiff primarily relies on the fact that his coworkers regularly used the term "cornhole" in referring to Plaintiff to argue that he was subject to discrimination "because of sex." The Court agrees with Judge Acosta's reasoning that the evidence in the record does not support an inference that Plaintiff was discriminated against because of sex or gender stereotyping. Although the term

"cornhole" was used repeatedly by Plaintiff's coworkers and is a crude term, the record shows that many crude terms were used throughout the workplace, including by Plaintiff, and usage of those terms was not connected to sex or to gender stereotypes. The other inferences Plaintiff argues to support the alleged gender stereotype—that Plaintiff was perceived as not "manly" because he properly did not attach the vacuum hose, complained to management about the conduct of coworkers, was unwilling to take responsibility for his mistakes, and was not willing to get dirty—are not supported in the record. There is no evidence that Plaintiff's coworkers believed such conduct was "feminine" or that Plaintiff was not "manly" because he engaged in such conduct.

Plaintiff also objects that Magistrate Judge Acosta erred by not finding that Defendant's failure to correct the allegedly harassing behavior and request that Plaintiff attend a unit-wide meeting that included his alleged harassers were adverse employment actions supporting Plaintiff's Title VII retaliation claim. An adverse employment action must be "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). The record shows that Defendant conducted an investigation into Plaintiff's allegations of workplace misconduct, determined that Plaintiff's unit engaged in inappropriate workplace conduct, requested a unit-wide meeting (including Plaintiff) to discuss the conduct, and ultimately allowed Plaintiff to skip the meeting and met with him individually. Plaintiff fails to demonstrate a genuine issue of fact that this conduct is reasonably likely to deter employees from complaining about alleged harassing conduct. Similarly, the Court agrees with Magistrate Judge Acosta that under the facts of this case, the fact that Defendant did not resolve Plaintiff's complaint in a manner he deems satisfactory is not retaliation.

Plaintiff further objects that there is sufficient causation between the alleged harassment and Plaintiff's termination because Plaintiff was only given the option to return to work in the same position he held before his FMLA leave—with his alleged harassers. Plaintiff asserts that is a constructive discharge. Plaintiff did not allege constructive discharge or argue this before Judge Acosta. Accordingly, the Court declines to address such an argument at this stage of the litigation. *Cf.* 28 U.S.C. § 636(b)(1) (permitting a court to "receive further evidence" at its discretion); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the Circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district "has discretion, but is not required" to consider new evidence); *see also Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (finding that when allegations are not in the complaint, "raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." (quoting *Fleming v. LindWaldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990))); *Pickern v. Pier I Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (noting that new issues raised in response to summary judgment were not appropriate for consideration). The Court agrees with Magistrate Judge Acosta's analyses regarding Plaintiff's Title VII claim and ADOPTS those portions of the Findings and Recommendation.

Finally, Plaintiff objects that Magistrate Judge Acosta erroneously analyzed Plaintiff's FMLA claim, primarily relying on the fact that Plaintiff was required to return to work at the same position he held before he left on leave. Plaintiff cites to no authority for the proposition that Defendant was *required* to offer Plaintiff a different, but equivalent, position upon his

return. The FMLA merely requires that an employee shall be returned to the same position or an equivalent position. 29 U.S.C. § 2614(a)(1). The Court agrees with Magistrate Judge Acosta's analysis regarding Plaintiff's FMLA claim and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation, ECF 52. Defendant's Motion for Summary Judgment (ECF 29) is GRANTED IN PART and DENIED IN PART. Summary judgment is granted on Plaintiff's Title VII and FMLA claims and denied on Plaintiff's ADA claim.

**IT IS SO ORDERED.**

DATED this 21st day of February, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge